970 So.2d 629 (2007)
Robert "Bobby" HAYDEL, Jr.
v.
Rhonda PELLEGRIN.
No. 2007 CU 0922.
Court of Appeal of Louisiana, First Circuit.
September 14, 2007.
*630 Gregory J. Schwab, Hourna, Counsel for Plaintiff/Appellee Robert "Bobby" Haydel, Jr.
Michael S. Zerlin, Thibodaux, Counsel for Defendant/Appellant Rhonda Pellegrin.
Before: WHIPPLE, GUIDRY, and HUGHES, JJ.
HUGHES, J.
Appellant Rhonda Pellegrin appeals a judgment rendered by the 32nd Judicial District Court wherein the trial court held her in contempt of court and ordered her to pay $500.00 in attorney's fees as well as the costs associated with two contempt motions. The judgment further authorized appellee, Dr. Robert "Bobby" Haydel, Jr., to deduct the attorney's fees from his monthly child support payment. For the following reasons, we affirm in part and reverse in part.

FACTS AND PROCEDURAL HISTORY
Appellant and appellee had one child together, a son. On July 15, 2005 Dr. Haydel filed a "Petition to Establish Custody and Visitation" and on August 26, 2005 the parties entered into a consent judgment which provided that Dr. Haydel was to be granted reasonable visitation with his son, as follows:
a. First six (6) months:
1. Every Thursday from 4:00 p.m. to 7:00 p.m.
2. Every other weekend: Friday from 4:00 p.m. to 7:00 p.m. and Saturday from 4:00 p.m. to 7:00 p.m.
b. After first six (6) months:
1. Every Thursday from 4:00 p.m. to 7:00 p.m.

*631 2. Every other weekend from Friday at 4:00 p.m. to Sunday at 4:00 p.m.
On April 4, 2006 Dr. Haydel filed a motion with the court requesting that the visitation arrangement be modified to allow him seven consecutive days in the summer with his minor son. A hearing on the motion was held on May 26, 2006. At that time the parties entered into a consent judgment that was signed on July 7, 2006, ordering that Dr. Haydel was to "have visitation with the child for four non-consecutive weeks during the period of June 2006 through August 2006." Specifically, the judgment held "the visitations will be had the weeks of June 5-11, 2006, July 3-9, 2006, July 17-23, 2006 and July 31-August 6, 2006." A "Joint Custody Implementation Plan" was also filed. The custody plan was signed by both parties and their respective attorneys and stated, in pertinent part, that:
neither parent shall attempt or condone the attempt, directly or indirectly, by any artifice or subterfuge whatsoever, to estrange the minor child from the affections of the other party, or to injure or impair the mutual love and affection of either parent with the child. At all times the parents shall encourage and foster in the child sincere respect and affections for both parents, and neither parent shall hamper the natural development of the child's love and respect for the other parent.
Subsequent to the July judgment and custody plan, Dr. Haydel filed two motions for contempt. Dr. Haydel accused Ms. Pellegrin of contempt in the following instances:
1. In denying him visitation with the minor child on all holidays in 2004 and on New Years, Mardi Gras, Labor Day, 4th of July, Halloween, and Thanksgiving in 2005; and also in denying him the special visitation of July 3, 2006 through July 9, 2006 ordered by the July 7, 2006 judgment;
2. In wrongfully refusing to allow his employees to pick up the child on one occasion;
3. In prematurely leaving the designated drop-off place on one occasion;
4. In wrongfully attempting to pick the child up from daycare on September 6, 2006, his scheduled day for visitation; and
5. In openly alienating the affections of his son to him at a soccer game on September 23, 2006.
A hearing on the contempt motions was held on November 9, 2006. The trial court found Ms. Pellegrin in contempt in two instances. Specifically, the trial court found Ms. Pellegrin in contempt of court for: 1) her failure to allow the visitation of July 3, 2006 through July 9, 2006, and 2) her open alienation of affections of the child from Dr. Haydel at the September soccer game. The court ordered Ms. Pellegrin to serve 10 days in the Terrebonne Parish jail, which was suspended on the condition that Ms. Pellegrin not further violate the court's orders. Ms. Pellegrin was further ordered to pay $500.00 in attorney's fees as well as all court costs associated with the two contempt motions. The court authorized the fees to be deducted from Dr. Haydel's payment of child support.
Ms. Pellegrin appeals, raising two assignments of error:
1. The trial court erred in finding her in contempt of court.
2. The trial court erred in ordering Dr. Haydel to deduct $500.00 in attorney's fees from a payment of child support.

*632 LAW AND ANALYSIS
In the first assignment of error, Ms. Pellegrin alleges that the trial court erred in finding her in contempt of court. Although Ms. Pellegrin argues that the incident at the soccer game did not amount to contempt, Ms. Pellegrin is silent as to whether the court erred in finding that her failure to allow the July visitation was contumacious.
Contempt of court is defined in LSA-C.C.P. art. 221 as "any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority." There are two types of contempt. A direct contempt is defined in LSA-C.C.P. art. 222 as "one committed in the immediate view and presence of the court and of which it has personal knowledge, or a contumacious failure to comply with a subpoena or summons, proof of service of which appears of record." A constructive contempt of court is defined in LSA-C.C.P. art. 224 as "any contempt other than a direct one." In order to find a person guilty of constructive contempt, it is necessary to find that he or she violated the order of the court intentionally, knowingly, and purposely, without justifiable excuse. Barry v. McDaniel, 2005-2455 (La. App. 1 Cir. 3/24/06), 934 So.2d 69, 73. The trial court is vested with great discretion in determining whether a party should be held in contempt of court and its decision will be reversed only when the appellate court discerns a clear abuse of that great discretion. Barry, 934 So.2d at 73.
In this case, after hearing all of the testimony and reviewing the evidence, the trial court found that Ms. Pellegrin violated both the July 7, 2006 judgment and the custody plan.
Regarding the first act of contempt, Dr. Haydel alleged that Ms. Pellegrin failed to allow the visitation of July 3, 2006 through July 9, 2006. Ms. Pellegrin's testimony indicates that she indeed unilaterally changed the July visitation dates due to her own desires and personal situation. This action was in direct violation of the July 7, 2006 order of the court.
Regarding the second act of contempt, Dr. Haydel alleged that at a soccer game on September 23, 2006 Ms. Pellegrin acted in a way that alienated the affections of his minor child to him. Specifically, Dr. Haydel alleged that Ms. Pellegrin publicly refused to allow him to speak to his son even though his son was calling to him. Ms. Pellegrin alleged that her actions were a result of Dr. Haydel's "loud and obnoxious" behavior. When questioned, however, Ms. Pellegrin could not give to the trial court any specific instances of obnoxious or inappropriate behavior by Dr. Haydel. Based on the testimony, the trial court concluded this action was in violation of the custody plan.
After a thorough review of the record, we cannot determine that the trial court abused its vast discretion in finding Ms. Pellegrin's actions in both instances were contumacious. Ms. Pellegrin's first assignment of error is without merit.
In the second assignment of error, Ms. Pellegrin alleges that the trial court erred in allowing Dr. Haydel to deduct the $500.00 attorney's fee assessment from his child support payment. Although child support payments are considered the property of the spouse to whom they are paid, Larsen v. Larsen, 583 So.2d 854, 856 (La. App. 1 Cir.), writ denied, 590 So.2d 63 (La.1991), it has also been established that child support payments are for the benefit of the child, even though the payments are directed to be paid to the parent or other custodian. Lamkin v. Flanagan, 37,911 (La.App. 2 Cir. 1/28/04), 865 So.2d 916, 920, writ denied, XXXX-XXXX (La.6/4/04), *633 876 So.2d 89. Because it cannot benefit the child to decrease the amount paid to the mother for his support by allowing credits or offsets against the amount payable, we find that it was not within the trial court's discretion to authorize Dr. Haydel to deduct Ms. Pellegrin's debt from a payment he owed for the benefit of his child.[1] We therefore find Ms. Pellegrin's second assignment of error has merit.

CONCLUSION
The decision of the trial court is affirmed in part and reversed in part. We affirm the finding of contempt and the award of attorney's fees from Ms. Pellegrin to Dr. Haydel. We reverse that portion of the judgment allowing Dr. Haydel to deduct said attorney's fees from his child support obligation. Costs of this appeal are to be divided equally between the parties.[2]
AFFIRMED IN PART AND REVERSED IN PART.
NOTES
[1] We note also that the child support obligation herein was pursuant to an income assignment order rendered in a separate proceeding.
[2] Although Dr. Haydel requests this court to award attorney's fees incurred to "answer" this appeal, no answer was filed in response to the appeal as required by LSA-C.C.P. art. 2133.